IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN DEAN WENHOLD, | No. 4:22-CV-00985 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| C.O. MARKLE, | |
| Defendant. | |

MEMORANDUM OPINION

NOVEMBER 7, 2023

Plaintiff Jordan Dean Wenhold filed the instant *pro se* Section 1983[1] action in 2022, claiming that a corrections officer at the State Correctional Institution, Benner Township (SCI Benner), violated his constitutional rights by using excessive force. Presently pending is Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Wenhold fails to carry his summary judgment burden, the Court must grant Defendant's Rule 56 motion. The Court will also dismiss Wenhold's state-law negligence claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because it is barred by state statutory sovereign immunity.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.      **FACTUAL BACKGROUND**[2]

The facts in this case are largely undisputed. At all times relevant to the instant lawsuit, Wenhold was incarcerated at SCI Benner.[3] On June 16, 2020, Wenhold attempted to commit suicide.[4] Corrections Officer Edwards intervened by deploying oleoresin capsicum (OC) spray into Wenhold's cell, thereby stopping Wenhold's suicide attempt.[5] Wenhold was then handcuffed through his cell's metal aperture or "wicket."[6] By this time, numerous additional corrections officers, including defendant Corrections Officer Robert Markle, had arrived at Wenhold's cell.[7]

---

[2] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendant Markle filed a statement of material facts with his Rule 56 motion. *See* Doc. 19. Instead of responding to Markle's statement, as required by Rule 56.1, Wenhold filed his own statement of facts that does not correspond to the movant's statement and instead includes his own assertions of fact. *See generally* Doc. 22. Wenhold's filing is not permitted by Rule 56.1. *See Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (explaining that separate, nonresponsive statement of facts by nonmovant is "neither contemplated nor permitted by the Local Rules"). Moreover, many of Wenhold's statements do not contain references to the record, as required by the rule. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018) (explaining that Local Rule 56.1 "is essential to the Court's resolution of a summary judgment motion due to its role in organizing the evidence, identifying undisputed facts, *and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence*." (emphasis supplied) (internal quotation marks and citations omitted)). Accordingly, Markle's statement of facts will be deemed admitted unless plainly contradicted by the record. *See* LOCAL RULE OF COURT 56.1.

[3] *See* Doc. 19 ¶ 1. Wenhold is currently incarcerated at Berks County Prison.
[4] *Id.*
[5] *Id.* ¶ 2.
[6] *Id.* ¶ 3.
[7] *Id.* ¶ 4.

Wenhold was then removed from his cell, with Edwards and Markle "flanking" him on his left and right sides, respectively, and holding his upper arms.[8]  As Wenhold was being removed, he turned with Edwards and Markle and stepped forward with his left leg.[9]  Wenhold then struck the metal wicket with his groin and right leg.[10]  This point in the cell extraction is the primary dispute of fact between the parties.  Wenhold alleges that Markle intentionally "pushed" him into the wicket, taking advantage of Wenhold's vulnerable condition caused by his inability to see and his reliance on the officers to lead him.[11]  Markle, to the contrary, asserts that Wenhold's contact with the wicket was entirely accidental and unintentional.[12]

After pursuing administrative remedies,[13] Wenhold filed suit in June 2022.[14]  His allegations largely concern an Eighth Amendment claim against Markle.  Wenhold describes this claim alternatively as "excessive force"[15] and as "failure to protect."[16]  He also appears to allege a state-law negligence claim in a single sentence.[17]

---

[8]   *Id.* ¶¶ 6, 7.
[9]   *Id.* ¶ 8.
[10]  *Id.* ¶ 9.
[11]  *See* Doc. 1 ¶¶ 1-2; Doc. 19 ¶¶ 15, 24.
[12]  *See* Doc. 21 at 7-8.
[13]  *See generally* Doc. 1-1.
[14]  *See generally* Doc. 1.
[15]  *See id.* ¶¶ 3, 5.
[16]  *See id.* ¶¶ 4-5.
[17]  *See id.* ¶ 5 (contending that there was "FTCA Tort Negligence").

Markle moves for summary judgment on Wenhold's Eighth Amendment claim and his state-law negligence claim.[18]  The motion is ripe for disposition.

## II.  STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[19]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[21]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[22]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[23]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving

---

[18] Doc. 18.
[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[20] FED. R. CIV. P. 56(a).
[21] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[23] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).

party on the claim or claims at issue.[24]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[25]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[26]

## III.  DISCUSSION

Wenhold describes his Eighth Amendment claim as both excessive force and failure to protect.  It is clear, however, that he is asserting an excessive force claim because he alleges that Markle intentionally applied unlawful force to him during the cell extraction by pushing him into the wicket.[27]  Markle maintains that, upon viewing the relevant video footage of the incident, no reasonable juror could find in Wenhold's favor on the excessive force claim.  The Court agrees.

### A.  Excessive Force

In a Section 1983 claim for excessive force, the "pivotal inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or

---

[24] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

[25] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).

[26] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

[27] *See* Doc. 1 ¶¶ 1, 2. Although both Markle and Wenhold discuss the use of OC spray and other events that occurred after the cell extraction, Wenhold never asserted any such claim in his complaint. His complaint specifically concerned the wicket incident only. *See id.* Moreover, a plaintiff cannot amend his pleadings through a brief in opposition to a motion for summary judgment. *See Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (nonprecedential).

maliciously and sadistically to cause harm."[28]  The factors analyzed when making this inquiry include: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response."[29]

    Normally, a detailed factor-by-factor analysis would be required for an excessive force claim at the Rule 56 stage.  However, Wenhold's circumstances are unique insofar as, if there is a genuine dispute of fact as to whether Markle intentionally pushed Wenhold into the metal wicket (to maliciously cause harm), very little analysis is required.  That is because there would be no need for the application of such force (which also negates the second factor); there was no threat to staff or inmates because Wenhold had been OC sprayed and was handcuffed and flanked by two officers; and there would be little to examine regarding the fifth factor because to "temper" the "forceful response" would simply mean to not have applied the force (the "push") in the first place.[30]

---

[28] *Ricks v. Shover*, 891 F.3d 468, 480 (3d Cir. 2018) (quoting *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002)).
[29] *Id.* (quoting *Smith*, 293 F.3d at 649).
[30] Wenhold has also averred, under penalty of perjury, that he suffered a potentially permanent injury to his groin that has been diagnosed by a urologist.  *See* Doc. 1 ¶¶ 6-7.

But review of the relevant video footage demonstrates that there is no genuine dispute of material fact regarding whether Markle employed excessive force.[31] It is obvious from the video that Edwards and Markle were simply removing Wenhold (who is physically larger than both corrections officers) from his cell and Wenhold accidentally bumped into the wicket on his cell door during this crowded and slightly chaotic removal process.[32] In no way does the video footage show or even suggest that Markle "pushed" Wenhold into the wicket. In fact, Wenhold actually contradicts his current allegations when, during the video, he complains that "you guys [referring to the corrections officers] let me run into the wicket and my d*ck and b*lls got hit really hard."[33] This statement obviously does not assert that Markle (or any other officer) pushed Wenhold into the wicket.

The force that Markle applied during the cell extraction, if any, was plainly *de minimis*. Moreover, Wenhold has failed to proffer or point to any other evidence that would establish that Markle employed excessive force during the incident. Thus, based on the instant Rule 56 record, no reasonable juror could find in Wenhold's favor on his excessive force claim. Summary judgment, therefore,

---

[31] *See Scott v. Harris*, 550 U.S. 372, 378-81 (2007) (explaining that, at summary judgment, the court must review video footage and cannot rely on allegations or assertions that are contradicted or discredited by the video but instead must "view[] the facts in the light depicted by the videotape"); *id.* at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

[32] *See* Doc. 20, June 16, 2020 Video (Part 1) at 0:03-0:19.

[33] *See* June 16, 2020 Video (Part 1) at 21:47-21:50.

must be granted in Markle's favor.

## B. State-Law Negligence

It is possible that Wenhold is also attempting to assert a state-law negligence claim in his complaint. However, because it is clear from the allegations and the video footage that Markle's actions were performed within the scope of his employment, the negligence claim must be dismissed.

Commonwealth parties acting within the scope of their employment generally are immune from suit except when immunity is explicitly waived.[34] Pennsylvania's General Assembly has carved out certain limited exceptions from its grant of sovereign immunity to Commonwealth actors.[35] Section 8522(b) of Title 42 of the Pennsylvania Consolidated Statutes provides ten narrow categories[36] where the state has waived its sovereign immunity for claims involving negligent conduct by Commonwealth parties.[37] This state statutory immunity applies to both negligent and intentional torts committed by Commonwealth actors.[38]

---

[34] *See* 1 PA. CONS. STAT. § 2310; 42 PA. CONS. STAT. §§ 8521, 8522(a).
[35] *See generally* 42 PA. CONS. STAT. §§ 8521, 8522.
[36] The ten exceptions set forth in 42 PA. CONST. STAT. § 8522(b) concern: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse.
[37] *See id.* § 8522(a), (b).
[38] *See La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992).

None of the ten exceptions in Section 8522(b) apply to the instant claim. Although Wenhold challenges Markle's assertion of statutory immunity,[39] he errantly points to 42 PA. CONS. STAT. § 8542. That statute, however, deals with exceptions to local government (or municipal) immunity and therefore is inapplicable to the instant case that involves a state employee.[40] Even if Wenhold had cited the appropriate statute (*i.e.*, 42 PA. CONS. STAT. § 8522), he has not identified an exception to immunity in subdivision (b) that would apply to the circumstances of his case,[41] nor can this Court independently conceive of one. Thus, because state statutory immunity shields Markle from any state-law tort claims, Wenhold's negligence claim must be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Markle's motion for summary judgment as to Wenhold's Eighth Amendment excessive force claim. Wenhold's negligence claim will be dismissed as it is barred by state statutory sovereign immunity. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[39] *See* Doc. 22 ¶ 9; *id.* at p. 6 ¶¶ 1-2.
[40] *See generally* 42 PA. CONS. STAT. § 8542.
[41] *See* Doc. 22 ¶ 9 (failing to identify any exception to immunity); *id.* at p. 6 ¶¶ 1-2 (same).